IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 1 9 2018

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 17-2569 WJ |
| ) | |
| LANE MICHAEL REED, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, LANE MICHAEL REED, and the Defendant's counsel, D. Eric Hannum:

**REPRESENTATION BY COUNSEL**

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

**RIGHTS OF THE DEFENDANT**

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

        i. to confront and cross-examine adverse witnesses,

ii. to be protected from compelled self-incrimination,

iii. to testify and present evidence on the Defendant's own behalf, and

iv. to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to counts 3, 4, and 5 of the Indictment, charging violations of 18 U.S.C. § 1951(a), that being Hobbs Act armed robbery, 18 U.S.C. § 924(c), that being Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime, and 18 U.S.C. § 2119(2), that being Carjacking, respectively.

## SENTENCING

3. The Defendant understands that the minimum and maximum penalty provided by law for this offense is:

   a. for Count 3, the maximum term of imprisonment is 20 years;

   b. for Count 4, the mandatory minimum term of imprisonment is 7 years and the maximum term of imprisonment is life, to be served consecutive to any other sentence;

   c. for Count 5, the maximum term of imprisonment is 15 years;

   d. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   e. a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked

— even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

f. a mandatory special penalty assessment of $100.00; and

g. restitution as may be ordered by the Court.

4. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## **ELEMENTS OF THE OFFENSE**

5. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violation of the charge listed below:

<u>18 U.S.C. § 1951(a), Hobbs Act Armed Robbery</u>

*First:* The defendant obtained property from another without that person's consent;

*Second:* The defendant did so by wrongful use of actual or threatened force, violence, or fear; and

*Third:* As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree.

<u>18 U.S.C. § 924(c), being Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime:</u>

*First*: The defendant committed the crime of Hobbs Act robbery, as charged in the Indictment;

*Second*: The defendant brandished a firearm; and

3

*Third*:   Hobbs Act robbery is a crime of violence.

<u>18 U.S.C. § 2119(2), Carjacking</u>

*First:*   The defendant intentionally took the victim's vehicle;

*Second:*   The defendant did so by means of force and violence;

*Third:*   The motor vehicle had been transported, shipped, and received in interstate commerce;

*Fourth:*   The defendant intended to cause death or serious bodily injury.

6.   The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

7.   The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8.   By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge

that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a. On July 25, 2017, in San Miguel County, in the District of New Mexico, I entered the Pecos River Station convenience store, pointed a silver Smith & Wesson 38 Special revolver at the convenience store's clerk and told her, "If you don't do what I say, your brains will be on the wall." I then demanded the money from the drawer and the keys to the clerk's vehicle. The clerk did not have any keys, but did give me approximately $242 in cash from the drawer. I then confronted the owner of the Pecos River Station and at gunpoint demanded the keys to his vehicle and his firearm, a Sig Sauer P938 9mm semi-automatic pistol. The store owner gave me both the keys to his vehicle and his firearm. In robbing this convenience store, I did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce by robbery as that term is defined in Section 1951, in that I did unlawfully take and obtain U.S. currency from employees of the Pecos River Station ~~Crossroads~~ gas station and convenience store against their will by means of actual and threatened force, violence, and fear of injury to their persons, that is, the defendant threatened the Pecos River Station ~~Crossroads~~ employees with a firearm. During, in relation to, and in furtherance of this crime, I brandished a firearm, specifically, a loaded silver Smith & Wesson 38 Special revolver.

b. After robbing the Pecos River Station convenience store, I stole the Grey 2014 Dodge Pickup truck belonging to the Pecos River Station owner. The truck was a motor

5

vehicle that had been transported, shipped, and received in interstate commerce. I did this by first disarming the truck's owner and then by pointing my firearm at him and demanding the keys to the truck. In doing this, I intended to cause death or serious bodily injury if the truck keys were not given to me. The truck's owner gave me the keys to the truck, and then I took possession of the truck and fled in it. Soon thereafter, I was pursued by law enforcement. Driving south on I-25, I evaded apprehension by driving at speeds of up to 140 miles an hour and discharged my firearm at the law enforcement officers who were pursuing me. In the course of this pursuit, I caused extensive damage to the truck I had stolen, as well as extensive damage to the law enforcement vehicles that were pursuing me. I wanted to go out with a bang.

    c.    I admit that Title 18, United States Code, Section 1951, also known as Hobbs Act robbery, is a crime of violence. My conduct as described above was at all times knowing, willful, and voluntary and without the consent of the victims or authorized in any way.

    d.    I admit that Title 18, United States Code, Section 2119, also known as carjacking, is a crime of violence. My conduct as described above was at all times knowing, willful, and voluntary.

    e.    I admit that the Hobbs Act robbery (count 3) and carjacking (count 5) were "committed on occasions different from one another" for purposes of 18 U.S.C. § 924(e)(1).

9.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

10.    The United States and the Defendant recommend as follows:

a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of twenty-five (25) years' (300 months') imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. In addition, the Defendant will receive credit against this sentence for time served in detention prior to imposition of sentence.

b.    In addition, the Court may order a term of supervised release of 3 years following imprisonment and a mandatory special penalty.

c.    Finally, the parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

11.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12.    Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the

Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of twenty-five (25) years (300 months') imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

14. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL RIGHTS

15. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence,

including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

16. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that it will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the indictment or complaint filed in this matter. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities. The United States will dismiss counts 1, 2, 6, and 7 of the indictment after sentencing.

## VOLUNTARY PLEA

17. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

18. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

19.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20.     This document and is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 19th day of July, 2018.

JOHN C. ANDERSON
United States Attorney

*[signature]*
GEORGE C. KRAEHE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*[signature]*
D. ERIC HANNUM
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
LANE MICHAEL REED
Defendant